Sangpo v. Holder

BIA
Sichel, IJ
A093 043 238

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of January, two thousand fifteen.

PRESENT:
> JOSÉ A. CABRANES,
> RICHARD C. WESLEY,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges.*

_____

DAWA SANGPO, AKA SOM NURBU SHERPA,
> *Petitioner,*

v.                                          12-3646
                                            NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:        Dawa Sangpo, pro se, Central Islip, New York.

FOR RESPONDENT:        Stuart F. Delery, Assistant Attorney General; Jennifer L. Lightbody, Senior Litigation Counsel; Stefanie

**A. Svoren-Jay, Trial Attorney,**
**Office of Immigration Litigation,**
**United States Department of Justice,**
**Washington D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Dawa Sangpo, an alleged native and citizen of the Tibet Autonomous Region of China, seeks review of an August 14, 2012, decision of the BIA affirming the January 6, 2011, decision of an Immigration Judge ("IJ"), denying his application for asylum, withholding of removal, and relief pursuant to the Convention Against Torture ("CAT"). *In re Dawa Sangpo*, No. A093 043 238 (B.I.A. Aug. 14, 2012), *aff'g* No. A093 043 238 (Immig. Ct. N.Y. City Jan. 6, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the decisions of the IJ and the BIA "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

2

For asylum applications like Sangpo's, governed by the REAL ID Act of 2005, the agency may, "[c]onsidering the totality of the circumstances," base a credibility determination on inconsistencies in asylum applicant's statements and other record evidence "without regard to whether" they go "to the heart of the applicant's claim."  8 U.S.C. § 1158(b)(1)(B)(iii).  "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling."  *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008) (per curiam).  Substantial evidence supports the agency's adverse credibility determination.

The agency reasonably relied on inconsistencies in the record regarding whether Sangpo was married at the time police searched his home, when he and his parents went to Nepal to arrange his travel to the United States, and why he failed to obtain evidence from a friend with first-hand knowledge of his claim.  8 U.S.C. § 1158(b)(1)(B)(iii).  The agency was not compelled to credit his explanations for these inconsistencies.  *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).  Having questioned Sangpo's credibility, the agency reasonably determined that his

3

failure to corroborate his claim further undermined his credibility. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) (per curiam).

Given the inconsistencies and lack of corroboration, the agency reasonably found Sangpo not credible. That finding is dispositive of asylum, withholding of removal, and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4